

**IN THE COUNTY COURT OF HARRISON COUNTY, MISSISSIPPI**

**SECOND JUDICIAL DISTRICT**

DELPHINE LEONARD                                                          **PLAINTIFF**

VERSUS                                              CAUSE NO. D2402-22-417

WAL-MART STORES EAST, LP                                          **DEFENDANT**

<u>**COMPLAINT**</u>

**(JURY TRIAL REQUESTED)**

COMES NOW Plaintiff, Delphine Leonard, by and through her attorneys of record,

Wetzel Law Firm, and files herewith her Complaint against the Defendant, Wal-Mart Stores

East, LP, and in support of said claim for relief would show unto this Honorable Court as

follows:

I.

That the Plaintiff is an adult resident citizen of Harrison County, Mississippi.

II.

That the Defendant, Wal-Mart Stores East, LP, is a foreign corporation qualified to do

business in the State of Mississippi and is in good standing in the State of Mississippi, and may

be served with process by service upon its registered agent, C T Corporation System, 645

Lakeland East Drive, Suite 101, Flowood, Mississippi 39232.

**COUNT ONE**
**ACCIDENT OF DECEMBER 14, 2020**

III.

By reference, each of the preceding paragraphs are adopted and made a part of Count

One as fully as though manually copied herein.



IV.

That the Defendant, Wal-Mart Stores East, LP, was operating a business known as Wal-Mart located at 3615 Sangani Boulevard, D'Iberville, Mississippi, which business is open to the general public for the purpose of selling groceries, general items and merchandise to the public.

V.

Plaintiff would show that on or about December 14, 2020, Plaintiff was present on the premises of the Defendant's, Wal-Mart Stores East, LP, store located at in D'Iberville, Mississippi, and was present on the premises for the express purpose of purchasing merchandise from the Defendant, Wal-Mart Stores East, LP.  That at said time and place the Plaintiff was lawfully and properly on the premises of the Defendant, Wal-Mart Stores East, LP, in answer to the express or implied invitation of the Defendant, Wal-Mart Stores East, LP, for the purpose of transacting business on the premises, and as such, was a business invitee of the Defendant, Wal-Mart Stores East, LP.  Plaintiff would further show that while they were present on the Defendant, Wal-Mart Stores East, LP's, premises on said date, while exercising due care and caution of her own safety, Plaintiff, Delphine Leonard, sustained injuries while walking in the clothing section of the store when suddenly and without warning a fire extinguisher fell from underneath the clothing racks and struck the Plaintiff on her left knee, sustaining severe and permanent injuries as hereinafter more fully set forth.

VI.

Plaintiff would show that it is the duty of the Defendant to use ordinary care and diligence to protect those business invitees, including your Plaintiff from conditions which are dangerous and which may potentially cause injury on the premises of Defendant, Wal-Mart Stores East, LP's, store.  Plaintiff would show that the Defendant, Wal-Mart Stores East, LP, is

2

responsible for the operation and maintenance of its store located in D'Iberville, Mississippi, and in particular to use ordinary care and diligence in the placement and maintenance of its fire extinguishers in its store, which its patrons constantly walk by during the course of its days business, and to maintain said fire extinguishers in such a manner as to be free from all defects and conditions which would render Defendant, Wal-Mart Stores East, LP's business dangerous and unsafe for those business invitees, including your Plaintiff, or present an unreasonable risk of harm to the Plaintiff in her lawful use of the premises.

VII.

Plaintiff would further show that it was the duty of the Defendant, by inspection or other affirmative act, to exercise reasonable care to protect the Plaintiff from the danger of reasonably foreseeable injury from occurring from reasonably foreseeable occurrences involving the fire extinguishers in said store and that it is further the duty of the Defendant to exercise reasonable care to protect the Plaintiff, Delphine Leonard, either by inspection or other affirmative acts, to insure that safety is maintained on its floors and to exercise reasonable care to protect the Plaintiff from injuries resulting from negligent and unsafe conditions present in the store, and in particular the unsafe fire extinguisher, which caused a dangerous and unsafe condition on Defendant, Wal-Mart Stores East, LP's premises.

VIII.

Plaintiff would further show that it was the duty of the Defendant to have sufficient personnel and equipment to properly inspect and maintain the premises in a manner and condition reasonably safe for business invitees. Further, Plaintiff would show that it was the duty of the Defendant to warn the Plaintiff of the dangerous conditions posed by the unsafely stored fire extinguisher and to warn Plaintiff of the dangerous condition and that Defendant, by

3

and through its employees, while in the course and scope of their employment, carelessly failed to correctly store/maintain the fire extinguisher which rendered the area dangerous and unsafe for the use of such individuals, such as the Plaintiff, Delphine Leonard.

IX.

Plaintiff would allege that the unsafe condition of the fire extinguisher was known by the Defendant and the Defendant's employees, agents and servants, or in the exercise of reasonable care, should have known of the unsafe storing/maintenance of same, and that said Defendant, employees, agents and/or servants failed to remove or warn of the unsafe storing/maintenance prior to the injuries to the Plaintiff, Delphine Leonard.

X.

Plaintiff would state that the Defendant's negligence proximately caused or proximately contributed to cause Plaintiff, Delphine Leonard's, injuries and damages. Plaintiff states that the Defendant failed to perform certain legal duties owed to your Plaintiff, including, but not limited to the follows:

1.    The Defendant failed to use ordinary care to have the premises on which the Defendant operates its business in a reasonably safe condition for use in manner consistent with the Defendant's invitation to Plaintiff as a business invitee;

2.    The Defendant failed to warn the Plaintiff, Delphine Leonard, of the unsafe storing/maintenance of the fire extinguisher and failed to warn the Plaintiff of the danger posed by said fire extinguisher in allowing a dangerous and unsafe condition to exist on the Defendant's premises;

3.    The Defendant failed to exercise reasonable care to protect the Plaintiff by performing reasonable inspections or other affirmative acts from the danger of reasonable or foreseeable injury occurring from the reasonably foreseeable use of the floor of the store, which was known or should have been known to the Defendant;

4

4.     The Defendant failed to use reasonable care to provide a place of business which was free from dangerous conditions, and that the Defendant, by breach of those duties, thereby exposed Plaintiff to an unreasonable risk;

5.     Other aspects to be shown at trial.

XI.

Plaintiff would show that as a direct and proximate result of the negligence of the Defendant, as previously set forth, the Plaintiff, Delphine Leonard, while on the Defendant, Wal-Mart Stores East, LP's, premises, at the express or implied invitation of the Defendant, sustained injuries which were proximately caused by the aforesaid acts of negligence of the Defendant. In particular, Plaintiff, Delphine Leonard, has sustained the following:

a.     severe and permanent injuries to her left knee;

b.     medical bills in the past, and will in the future incur medical bills, including but not limited to, amounts for hospital care, doctors' care, medicines and drugs, and other out-of-pocket expenses. Plaintiff reserves the right to submit the total amount of medical bills at trial.

c.     restricted in all other physical activities in which she was involved prior to sustaining the injuries in questions;

d.     Pain and suffering, mental anguish, emotional distress;

e.     Physical disability, either total or partial, consisting of total and/or partial loss of certain bodily functions.

**COUNT TWO**
**ACCIDENT OF APRIL 17, 2021**

XII.

By reference, each of the preceding paragraphs are adopted and made a part of Count One and Count Two as fully as though manually copied herein.

5

XIII.

That the Defendant, Wal-Mart Stores East, LP, was operating a business known as Wal-Mart located at 3911 Bienville Boulevard, Ocean Springs, Mississippi, which business is open to the general public for the purpose of selling groceries, general items and merchandise to the public.

XIV.

Plaintiff would show that on or about April 17, 2021, Plaintiff was present on the premises of the Defendant's, Wal-Mart Stores East, LP, store located at in Ocean Springs, Mississippi, and was present on the premises for the express purpose of purchasing merchandise from the Defendant, Wal-Mart Stores East, LP. That at said time and place the Plaintiff was lawfully and properly on the premises of the Defendant, Wal-Mart Stores East, LP, in answer to the express or implied invitation of the Defendant, Wal-Mart Stores East, LP, for the purpose of transacting business on the premises, and as such, was a business invitee of the Defendant, Wal-Mart Stores East, LP. Plaintiff would further show that while she was present on the Defendant, Wal-Mart Stores East, LP's, premises on said date, while exercising due care and caution of her own safety, Plaintiff, Delphine Leonard, sustained injuries while in the Shoe Department in a motorized scooter when suddenly and without warning a Wal-Mart employee was walking down the aisle and pushing a stack of totes and failed to see the Plaintiff and struck the motorized scoot that the Plaintiff was on, sustaining severe and permanent injuries as hereinafter more fully set forth.

XV.

Plaintiff would show that it is the duty of the Defendant to use ordinary care and diligence to protect those business invitees, including your Plaintiff from conditions which are

6

dangerous and which may potentially cause injury on the premises of Defendant, Wal-Mart Stores East, LP's, store. Plaintiff would show that the Defendant, Wal-Mart Stores East, LP, is responsible for the operation and maintenance of its store located in Ocean Springs, Mississippi, which its patrons constantly walk during the course of its days business, and to maintain said aisles in such a manner as to be free from all defects and conditions which would render Defendant, Wal-Mart Stores East, LP's, business dangerous and unsafe for those business invitees, including your Plaintiff, Delphine Leonard, or present an unreasonable risk of harm to the Plaintiff, Delphine Leonard, in her lawful use of the premises.

XVI.

Plaintiff would further show that it was the duty of the Defendant, by inspection or other affirmative act, to exercise reasonable care to protect the Plaintiff, Delphine Leonard, from the danger of reasonably foreseeable injury from occurring from reasonably foreseeable occurrences involving the aisles of said store; that it is further the duty of the Defendant to exercise reasonable care to protect the Plaintiff, Delphine Leonard, either by inspection or other affirmative acts, to insure that safety is maintained in its transporting of totes and to exercise reasonable care to protect the Plaintiff from injuries resulting from negligent and unsafe conditions present in the parking lot, and in particular the unsafe transportation of totes, which caused a dangerous and unsafe condition on Defendant, Wal-Mart Stores East, LP's premises.

XVII.

Plaintiff would further show that it was the duty of the Defendant to have sufficient personnel and equipment to properly transport totes and maintain the premises in a manner and condition reasonably safe for business invitees. Further, Plaintiff would show that it was the duty of the Defendant to warn the Plaintiff, Delphine Leonard, of the dangerous conditions posed

7

by the transportation of the totes and to warn Plaintiff, Delphine Leonard, that there was a

dangerous condition with the transportation of totes down the aisle, and that Defendant, by and

through its employees, while in the course and scope of their employment, carelessly failed to

warn of the dangerous and unsafe condition the cart of totes was for such individuals, such as the

Plaintiff, Delphine Leonard.

XVIII.

Plaintiff would allege that the unsafe condition of the transportation of totes was known

by the Defendant and the Defendant's employees, agents and servants, or in the exercise of

reasonable care, should have known, and that said Defendant, employees, agents and/or servants

failed to warn of the unsafe condition of the totes prior to the injuries to the Plaintiff, Delphine

Leonard.

XIX.

Plaintiff would state that the Defendant's negligence proximately caused or proximately

contributed to cause Delphine Leonard injuries and damages.  Plaintiff would state that the

Defendant failed to perform certain legal duties owed to your Plaintiff, Delphine Leonard,

including, but not limited to the follows:

1.   The Defendant failed to use ordinary care to have the premises on
     which the Defendant operates its business in a reasonably safe
     condition for use in manner consistent with the Defendant's
     invitation to Plaintiff as a business invitee;

2.   The Defendant failed to warn the Plaintiff, Delphine Leonard, of
     the unsafe condition of the transportation of totes and failed to
     warn the Plaintiff of the danger posed by said totes in allowing a
     dangerous and unsafe condition to exist on the Defendant's
     premises;

3.   The Defendant failed to exercise reasonable care to protect the
     Plaintiff by performing reasonable inspections or other affirmative

8

acts from the danger of reasonable or foreseeable injury occurring
from the reasonably foreseeable danger of the totes, which was
known or should have been known to the Defendant;

4.      The Defendant failed to use reasonable care to adequately instruct
its employees on the proper transportation of totes and provide a
place of business which was free from dangerous conditions, and
that the Defendant, by breach of those duties, thereby exposed
Plaintiff to an unreasonable risk of bodily harm;

5.      Other aspects to be shown at trial.

XX.

Plaintiff would show that as a direct and proximate result of the negligence of the

Defendant, as previously set forth, the Plaintiff, Delphine Leonard, while on the Defendant, Wal-

Mart Stores East, LP's, premises, at the express or implied invitation of the Defendant, sustained

injuries which were proximately caused by the aforesaid acts of negligence of the Defendant.  In

particular, Plaintiff, Delphine Leonard, has sustained the following:

a.      severe and permanent injuries to her back;

b.      medical bills in the past, and will in the future incur medical bills, including but

not limited to, amounts for hospital care, doctors' care, medicines and drugs, and other out-of-

pocket expenses.  Plaintiff reserves the right to submit the total amount of medical bills at trial.

c.      restricted in all other physical activities in which she was involved prior to

sustaining the injuries in questions;

d.      Pain and suffering, mental anguish, emotional distress;

e.      Physical disability, either total or partial, consisting of total and/or partial loss of

certain bodily functions.

XXI.

Plaintiffs would also allege the doctrine of *res ipsa loquitur* is applicable to the facts

9

herein.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs hereby sue and demand judgment

of and from the Defendant in an amount which would exceed the jurisdictional limits of this

Honorable Court, together with pre- and post-judgment interest and costs and punitive damages.

RESPECTFULLY SUBMITTED, this the ____ day of _____, 2016.

DELPHINE LEONARD, Plaintiff

By: _____

JAMES K. WETZEL

WETZEL LAW FIRM
James K. Wetzel (MS Bar No. 7122)
Garner J. Wetzel (MS Bar No. 103596)
Post Office Box I
Gulfport, MS 39502
(228) 864-6400 (ofc)
(228) 863-1793 (fax)
ATTORNEYS FOR PLAINTIFF

RAM

**COVER SHEET**
**Civil Case Filing Form**
*(To be completed by Attorney/Party Prior to Filing of Pleading)*

Mississippi Supreme Court    Form AOC/01
Administrative Office of Courts    (Rev 2020)

**Court Identification Docket #**

| 2 1 4 | 2 | C O | | Case Year | | Docket Number |
| County # | Judicial District | Court ID (CH, CI, CO) | | 2 0 2 2 | | 4 1 1 7 |

Local Docket ID

| 0 7 | 2 5 | 2 2 |
| Month | Date | Year |

This area to be completed by clerk

Case Number If filed prior to 1/1/94

In the **COUNTY**    Court of **HARRISON**    County — **SECOND**    Judicial District

**Origin of Suit (Place an "X" in one box only)**
- [X] Initial Filing
- [ ] Remanded
- [ ] Reinstated
- [ ] Reopened
- [ ] Foreign Judgment Enrolled
- [ ] Joining Suit/Action
- [ ] Transfer from Other court
- [ ] Appeal
- [ ] Other

**Plaintiff – Party(ies) Initially Bringing Suit Should Be Entered First - Enter Additional Plaintiffs on Separate Form**

Individual **Leonard**    **Delphine**

| Last Name | First Name | Maiden Name, if applicable | M.I. | Jr/Sr/III/IV |

___ Check ( x ) if Individual Plaintiff is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:
Estate of ___

___ Check ( x ) if Individual Planitiff is acting in capacity as Business Owner/Operator (d/b/a) or State Agency, and enter entity
D/B/A or Agency ___

**Business** ___

Enter legal name of business, corporation, partnership, agency - If Corporation, indicate the state where incorporated
___ Check ( x ) if Business Plaintiff is filing suit in the name of an entity other than the above, and enter below:
D/B/A ___

**Address of Plaintiff** 11079 Sweetgum Street Gulfport, MS  39503
**Attorney (Name & Address)** James k. Wetzel, 1701 24th Avenue, Gulfport, MS 39501    MS Bar No. 7122
___ Check ( x ) if Individual Filing Initial Pleading is NOT an attorney
Signature of Individual Filing ___

**Defendant - Name of Defendant - Enter Additional Defendants on Separate Form**

Individual ___

| Last Name | First Name | Maiden Name, if applicable | M.I. | Jr/Sr/III/IV |

___ Check ( x ) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:
Estate of ___

___ Check ( x ) if Individual Defendant is acting in capacity as Business Owner/Operator (d/b/a) or State Agency, and enter entity:
D/B/A or Agency ___

**Business** Wal-Mart Stores East, LP
Enter legal name of business, corporation, partnership, agency - If Corporation, indicate the state where incorporated
___ Check ( x ) If Business Defendant is acting in the name of an entity other than the above, and enter below:
D/B/A Post Office Box 14731 Lexington, KY 40512

**Attorney (Name & Address) - If Known**    MS Bar No.

___ Check ( x ) if child support is contemplated as an issue in this suit.*
*If checked, please submit completed Child Support Information Sheet with this Cover Sheet
**Nature of Suit (Place an "X" in one box only)**

**Domestic Relations**
- [ ] Child Custody/Visitation
- [ ] Child Support
- [ ] Contempt
- [ ] Divorce:Fault
- [ ] Divorce: Irreconcilable Diff.
- [ ] Domestic Abuse
- [ ] Emancipation
- [ ] Modification
- [ ] Paternity
- [ ] Property Division
- [ ] Separate Maintenance
- [ ] Term. of Parental Rights-Chancery
- [ ] UIFSA (eff 7/1/97; formerly URESA)
- [ ] Other ___

**Appeals**
- [ ] Administrative Agency
- [ ] County Court
- [ ] Hardship Petition (Driver License)
- [ ] Justice Court
- [ ] MS Dept Employment Security
- [ ] Municipal Court
- [ ] Other ___

**Business/Commercial**
- [ ] Accounting (Business)
- [ ] Business Dissolution
- [ ] Debt Collection
- [ ] Employment
- [ ] Foreign Judgment
- [ ] Garnishment
- [ ] Replevin
- [ ] Other ___

**Probate**
- [ ] Accounting (Probate)
- [ ] Birth Certificate Correction
- [ ] Mental Health Commitment
- [ ] Conservatorship
- [ ] Guardianship
- [ ] Joint Conservatorship & Guardianship
- [ ] Heirship
- [ ] Intestate Estate
- [ ] Minor's Settlement
- [ ] Muniment of Title
- [ ] Name Change
- [ ] Testate Estate
- [ ] Will Contest
- [ ] Alcohol/Drug Commitment (Involuntary)

**Children/Minors – Non-Domestic**
- [ ] Adoption - Contested
- [ ] Adoption - Uncontested
- [ ] Consent to Abortion
- [ ] Minor Removal of Minority
- [ ] Other ___

**Civil Rights**
- [ ] Elections
- [ ] Expungement
- [ ] Habeas Corpus
- [ ] Post Conviction Relief/Prisoner
- [ ] Other ___

**Contract**
- [ ] Breach of Contract
- [ ] Installment Contract
- [ ] Insurance
- [ ] Specific Performance
- [ ] Other ___

**Statutes/Rules**
- [ ] Bond Validation
- [ ] Civil Forfeiture
- [ ] Declaratory Judgment
- [ ] Injunction or TRO
- [ ] Other ___

[ ] Alcohol/Drug Commitment (Voluntary)
[ ] Other ___

**Real Property**
- [ ] Adverse Possession
- [ ] Ejectment
- [ ] Eminent Domain
- [ ] Eviction
- [ ] Judicial Foreclosure
- [ ] Lien Assertion
- [ ] Partition
- [ ] Tax Sale: Confirm/Cancel
- [ ] Title Boundary or Easement
- [ ] Other ___

**Torts**
- [ ] Bad Faith
- [ ] Fraud
- [ ] Intentional Tort
- [ ] Loss of Consortium
- [ ] Malpractice - Legal
- [ ] Malpractice - Medical
- [ ] Mass Tort
- [ ] Negligence - General
- [ ] Negligence - Motor Vehicle
- [X] Premises Liability
- [ ] Product Liability
- [ ] Subrogation
- [ ] Wrongful Death
- [ ] Other ___





**James K. Wetzel**
*Attorney at Law*
jkwetzel@wetzellawfirm.com

**Garner J. Wetzel**
*Attorney at Law (MS & LA)*
gjwetzel@wetzellawfirm.com

July 21, 2022

Connie Ladner
County Court Clerk
Post Office Box 235
Biloxi, MS  39533

      Re:    Delphine Leonard v. Wal-Mart Stores East, LP
             Our File No. A-5175

Dear Connie:

Enclosed please find the following documents which I would appreciate your filing on behalf of
the Plaintiff in the above matter:

1.      Our firm's check in the amount of $166.00 representing the filing fee;

2.      Original Complaint;

3.      Original Civil Cover Sheet;

4.      Original Summons;

5.      One copy of Summons and Complaint together, for each defendant to be
      processed and returned to me for service upon the Defendant.

Thanking you for your assistance in this matter.

With kindest personal regards, I am

Sincerely,

JAMES K. WETZEL
JKW:mg
Enclosures
cc:   Delphine Leonard

**RECEIVED**
7-25-22

## IN THE COUNTY COURT OF HARRISON COUNTY, MISSISSIPPI

### SECOND JUDICIAL DISTRICT

**DELPHINE LEONARD**                                                              **PLAINTIFF**

**VERSUS**                                              CAUSE NO. D2402-22-417

**WAL-MART STORES EAST, LP**                                          **DEFENDANT**

---

### S U M M O N S

---

**TO:**   C T Corporation System, Registered Agent
          Wal-Mart Stores East, LP
          645 Lakeland East Drive, Suite 101
          Flowood, Mississippi 39232

### NOTICE TO DEFENDANT

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.

You are required to mail or hand-deliver a copy of a written Answer either admitting or denying each allegation in the Complaint to **Wetzel Law Firm, whose address is Post Office Box I, Gulfport, Mississippi 39502.** THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN THIRTY (30) DAYS FROM THE DATE OF DELIVERY OF THIS SUMMONS AND COMPLAINT OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT PREVIOUSLY FILED.

You must also file the original of your Answer with the Clerk of this Court within a reasonable time afterward.

Connie Ladner, County Clerk
Harrison County, Mississippi

DATED:  7-25-22                 By: _____
                                    DEPUTY CLERK

## IN THE COUNTY COURT OF HARRISON COUNTY, MISSISSIPPI

### SECOND JUDICIAL DISTRICT

DELPHINE LEONARD                                                    PLAINTIFF

VERSUS                                        CAUSE NO. D2402-22-417

WAL-MART STORES EAST, LP                                          DEFENDANT

---

### S U M M O N S

---

**TO:**   C T Corporation System, Registered Agent
          Wal-Mart Stores East, LP
          645 Lakeland East Drive, Suite 101
          Flowood, Mississippi  39232

### NOTICE TO DEFENDANT

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.

You are required to mail or hand-deliver a copy of a written Answer either admitting or denying each allegation in the Complaint to **Wetzel Law Firm, whose address is Post Office Box I, Gulfport, Mississippi 39502.**  THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN THIRTY (30) DAYS FROM THE DATE OF DELIVERY OF THIS SUMMONS AND COMPLAINT OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT PREVIOUSLY FILED.

You must also file the original of your Answer with the Clerk of this Court within a reasonable time afterward.

Connie Ladner, County Clerk
Harrison County, Mississippi

DATED:  _7-25-22_              By: _____
                                   DEPUTY CLERK

*D. Leonard*
*v*
*Walmart Stores E,*
*LP*

## PROOF OF SERVICE

__*CT Corp / Walmart Stores East, LP*__
Name of Person or Entity Served

I, the undersigned process server, served the summons and complaint upon the person or entity named above in the manner set forth below (process server must check proper space and provide all additional information that is requested and pertinent to the mode of service used):

_____ First Class Mail and Acknowledgment Service. By mailing (by first class mail, postage prepaid) copies to the person served, together with copies of the form of notice and acknowledgment and return envelope, postage prepaid, addressed to the sender. (Attach completed acknowledgment of receipt pursuant to M.R.C.P. Form 1B).

__✓__ Personal Service. I personally delivered copies to _*Matt Thibodeaux*_, on the _*8*_ day of _*Aug*_, 2022 where I found said person in _*Rankin*_ County of the State of Mississippi.

_____ Residence Service. After exercising reasonable diligence, I was unable to deliver copies to said person within _____ County, Mississippi. I served the summons and complaint on the ____ day of _____, 2022 at the usual place of abode of said person by leaving a true copy of the summons and complaint with _____, who is the _____ (here insert wife, husband, son, daughter or other person as the case may be), a member of the family of the person served above the age of sixteen years and willing to receive the summons and complaint and thereafter on the ____ day of _____, 2022. I mailed (by first class mail, postage prepaid), copies to the person served at his or her usual place of abode where the copies were left.

____ Certified Mail Service. By mailing to an address outside Mississippi (by first class mail, postage prepaid, requiring a return receipt) copies to the person served. (Attach signed return receipt or other evidence of actual delivery to the person served). Article No.:

At the time of service, I was at least 18 years of age and not a party to this action.

Process server must list below: (Please print or type)

NAME : *David Langley*

ADDRESS : *P.O. Box 5064*
*Brandon, MS 39047*

TELEPHONE NO. : *(601) 624-2729*

STATE OF MISSISSIPPI
COUNTY OF *Rankin*

Personally appeared before me, the undersigned authority, in and for the State and county aforementioned, the within named _*David Langley*_ who being first by me duly sworn states on oath that the matters and facts set forth in the foregoing "Proof of Service" are true and correct as therein stated.

_____
Process Server

SWORN TO AND SUBSCRIBED BEFORE ME, this the __8__ day of __*August*__, 2022

_____
NOTARY PUBLIC

[Notary seal: STATE OF MISSISSIPPI, SHEKINAH COLLIER, ID No. 293422, Com. Exp. 10-25-2025, RANKIN COUNTY]

MY COMMISSION EXPIRES:
*10-25-25*

Wolters Kluwer

**CT Corporation**
**Service of Process Notification**
08/08/2022
CT Log Number 542067130

## Service of Process Transmittal Summary

**TO:**      KIM LUNDY- EMAIL
              Walmart Inc.
              GLOBAL GOVERNANCE/CENTRAL INTAKE, 2914 SE I STREET MS#0200
              BENTONVILLE, AR 72712-3148

**RE:**      **Process Served in Mississippi**

**FOR:**     Wal-Mart Stores East, LP  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: LEONARD DELPHINE // To: Wal-Mart Stores East, LP |
| **DOCUMENT(S) SERVED:** | Summons, Complaint |
| **COURT/AGENCY:** | Harrison County Court, Second Judicial District, MS<br>Case # D240222417 |
| **NATURE OF ACTION:** | Personal Injury - Failure to Maintain Premises in a Safe Condition - 12/14/2020,<br>Wal-Mart located at 3615 Sangani Boulevard, D'Iberville, Mississippi |
| **PROCESS SERVED ON:** | C T Corporation System, Flowood, MS |
| **DATE/METHOD OF SERVICE:** | By Process Server on 08/08/2022 at 10:14 |
| **JURISDICTION SERVED:** | Mississippi |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days from the date of delivery |
| **ATTORNEY(S)/SENDER(S):** | James K. Wetzel<br>Wetzel Law Firm<br>Post Office Box 1<br>Gulfport, MS 39502<br>228-864-6400 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 08/08/2022, Expected Purge Date:<br>08/18/2022<br><br>Image SOP |
| **REGISTERED AGENT CONTACT:** | C T Corporation System<br>645 Lakeland East Drive<br>Suite 101<br>Flowood, MS 39232<br>877-564-7529<br>MajorAccountTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT

## IN THE COUNTY COURT OF HARRISON COUNTY, MISSISSIPPI
### SECOND JUDICIAL DISTRICT

DELPHINE LEONARD,                                    *
                                                     *
          Plaintiff,                                 *
                                                     *
vs.                                                  *          CASE NO. 24CO2:22-CV-00417
                                                     *
WAL-MART STORES EAST, LP                             *
                                                     *
                                                     *
                                                     *
          Defendants.                                *

### <u>ANSWER</u>

COMES NOW the Defendant, WAL-MART STORES EAST, L.P. (hereinafter "Wal-Mart"),

and files this its Answer with each numbered paragraph corresponding to each numbered paragraph in

Plaintiff's Complaint as follows:

### I.

Wal-Mart is without knowledge and information sufficient to form a belief as to Plaintiff's age

or residency but at this time admits the same.

### II.

Wal-Mart Stores East, L.P. denies it is a foreign corporation, but admits it is a Delaware limited

partnership with its principal place of business in Arkansas.  Wal-Mart does business in various places

in Mississippi and may be served via its registered agent.

## COUNT ONE

## <u>ACCIDENT OF DECEMBER 14, 2020</u>

### III.

Wal-Mart adopts hereby and incorporates by reference the foregoing paragraphs the same as though fully repeated herein.

### IV.

Wal-Mart admits that at all times pertinent herein, it operated the store at issue located in D'Iberville, Mississippi, which store was open to the general public for the purpose of selling certain goods and merchandise to the public. To the extent this paragraph asserts or implies allegations against Wal-Mart, the same are denied.

### V.

Wal-Mart admits that on December 14, 2020, Plaintiff, Delphine Leonard, was present on its premises in D'Iberville, Mississippi. Wal-Mart is without knowledge and information sufficient to form a belief as to the purpose of Plaintiff's presence on its premises, or Plaintiff's status while she was on its premises; therefore, Wal-Mart must currently deny that Plaintiff was a "business invitee" and demand strict proof thereof. Wal-Mart is without knowledge and information sufficient to form a belief as to the allegations concerning Plaintiff's conduct, how this alleged incident occurred, or the Plaintiff's medical condition, including her alleged injuries and, therefore, must deny the same and demand strict proof thereof. Wal-Mart denies the remaining allegations contained in paragraph V of the Plaintiff's Complaint and demands strict proof thereof.

VI.

Wal-Mart admits that at all times pertinent herein, it operated the store at issue where this incident occurred, and further admits that the law imposes certain duties upon it as the operator of a retail establishment, which laws speak for themselves. Wal-Mart denies the remaining allegations contained in paragraph VI of the Plaintiff's Complaint and demands strict proof thereof.

VII.

Wal-Mart admits that the law imposes certain duties upon it as the operator of a retail establishment, which laws speak for themselves. Wal-Mart denies it breached any duty of care owed to Plaintiff; denies that there was "a negligent and unsafe" condition on its premises; denies there was an "unsafe fire extinguisher" on its premises; and denies that a "dangerous" or "unsafe" condition existed on its premises and demands strict proof thereof. Wal-Mart denies the remaining allegations contained in paragraph VII of the Plaintiff's Complaint and demands strict proof thereof.

VIII.

Wal-Mart admits that the law imposes certain duties upon it as the operator of a retail establishment, which laws speak for themselves. Wal-Mart denies it breached any duty of care owed to Plaintiff; denies that there was "a negligent and unsafe" condition on its premises; denies there was an "unsafe fire extinguisher" on its premises; and denies that a "dangerous" or "unsafe" condition existed on its premises and demands strict proof thereof. Wal-Mart denies the remaining allegations contained in paragraph VIII of the Plaintiff's Complaint and demands strict proof thereof.

IX.

Wal-Mart denies the allegations contained in paragraph IX of the Plaintiff's Complaint and demands strict proof thereof.

X.

Wal-Mart denies any and all negligence on its part and further denies that it "proximately caused or proximately contributed" to Plaintiff's alleged injuries and demands strict proof thereof. Wal-Mart denies it failed to perform any legal duty owed to Plaintiff, and specifically denies the allegations numbered 1-5 in paragraph X of Plaintiff's Complaint and demands strict proof thereof. Wal-Mart denies the remaining allegations of this paragraph and strict proof thereof is demanded.

XI.

Wal-Mart denies any and all negligence on its part and further denies that it proximately caused or proximately contributed to Plaintiff's alleged injuries and demands strict proof thereof. Wal-Mart is without knowledge and information sufficient to form a belief as to the allegations concerning Plaintiff's medical condition, alleged injuries, or alleged damages and, therefore, must deny the same and demand strict proof thereof, including all allegations in subparts a. through e. Wal-Mart denies the remaining allegations contained in paragraph XI of the Plaintiff's Complaint and demands strict proof thereof.

## COUNT TWO

## <u>ACCIDENT OF APRIL 17, 2021</u>

### XII.

Wal-Mart adopts hereby and incorporates by reference the foregoing paragraphs the same as though fully repeated herein.

### XIII.

Wal-Mart admits that at all times pertinent herein, it operated the store at issue located in Ocean Springs, Mississippi, which store was open to the general public for the purpose of selling certain goods and merchandise to the public. To the extent this paragraph asserts or implies allegations against Wal-Mart, the same are denied.

### XIV.

Wal-Mart denies that on April 17, 2021, Plaintiff, Delphine Leonard, was present on its premises in Ocean Springs, Mississippi, but admits Plaintiff was present on its premises on April 18, 2021.  Wal-Mart is without knowledge and information sufficient to form a belief as to the purpose of Plaintiff's presence on its premises, or Plaintiff's status while she was on its premises; therefore, Wal-Mart must currently deny that Plaintiff was a "business invitee" and demand strict proof thereof. Wal-Mart is without knowledge and information sufficient to form a belief as to the allegations concerning Plaintiff's conduct, how this alleged incident occurred, or the Plaintiff's medical condition, including her alleged injuries and, therefore, must deny the same and demand strict proof thereof.  Wal-Mart denies the

remaining allegations contained in paragraph XIV of the Plaintiff's Complaint and demands strict proof thereof.

## XV.

Wal-Mart admits that at all times pertinent herein, it operated the store at issue where this incident allegedly occurred, and further admits that the law imposes certain duties upon it as the operator of a retail establishment, which laws speak for themselves. Wal-Mart denies the remaining allegations contained in paragraph XV of the Plaintiff's Complaint and demands strict proof thereof.

## XVI.

Wal-Mart admits that the law imposes certain duties upon it as the operator of a retail establishment, which laws speak for themselves.  Wal-Mart denies it breached any duty of care owed to Plaintiff, and denies that there was "a negligent and unsafe" condition on its and demands strict proof thereof.  Wal-Mart denies the remaining allegations contained in paragraph XVI of the Plaintiff's Complaint and demands strict proof thereof.

## XVII.

Wal-Mart admits that the law imposes certain duties upon it as the operator of a retail establishment, which laws speak for themselves.  Wal-Mart denies it breached any duty of care owed to Plaintiff; denies that there was a dangerous or unsafe condition on its premises and demands strict proof thereof.  Wal-Mart denies the remaining allegations contained in paragraph XVII of the Plaintiff's Complaint and demands strict proof thereof.

## XVIII.

Wal-Mart denies the allegations of this paragraph and demands strict proof thereof.

XIX.

Wal-Mart denies any and all negligence on its part and further denies that it "proximately caused or proximately contributed" to Plaintiff's alleged injuries and demands strict proof thereof. Wal-Mart denies it failed to perform any legal duty owed to Plaintiff, and specifically denies the allegations numbered 1-5 in paragraph XIX of Plaintiff's Complaint and demands strict proof thereof. Wal-Mart denies the remaining allegations of this paragraph and strict proof thereof is demanded.

XX.

Wal-Mart denies any and all negligence on its part and further denies that it proximately caused or proximately contributed to Plaintiff's alleged injuries and demands strict proof thereof. Wal-Mart is without knowledge and information sufficient to form a belief as to the allegations concerning Plaintiff's medical condition, alleged injuries, or alleged damages and, therefore, must deny the same and demand strict proof thereof, including all allegations in subparts a. through e. Wal-Mart denies the remaining allegations contained in paragraph XX of the Plaintiff's Complaint and demands strict proof thereof.

XXI.

Wal-Mart denies the allegations of this paragraph and demands strict proof thereof.

As to the unnumbered paragraph following paragraph XXI which begins "WHEREFORE," Wal-Mart denies that the Plaintiff is entitled to any recovery and demands strict proof thereof, and further denies Plaintiff is entitled to punitive damages and demands strict proof thereof.

**AFFIRMATIVE DEFENSES**

1.      Defendant denies each and every material allegation of Plaintiff's Complaint not otherwise addressed and demands strict proof thereof.

2.      Plaintiff was guilty of negligence that caused or contributed to cause the injuries  about which Plaintiff complains and, therefore, under Mississippi law, Plaintiff is not entitled to recover any damages or her recovery should be reduced proportionately.

3.      The alleged hazard about which Plaintiff complains was open and obvious precluding Plaintiff from recovering damages under Mississippi law, and thereby obviating any alleged duty to warn.

4.      Defendant did not have notice of the alleged hazard about which Plaintiff complains and therefore, under Mississippi law, Defendant owed Plaintiff no duty to eliminate the alleged hazard or warn of it.

5.      No act or omission of this Defendant was the proximate cause of any injury to Plaintiff.

6.      Defendant owed Plaintiff no duty as alleged, the breach of which neither caused nor contributed to the cause of the Plaintiff's injuries.

7.      Plaintiff's injuries and damages were the result of an intervening and/or superseding cause; therefore, Plaintiff should not recover from Defendant.

8.      Defendant respectfully demands credit for any and all monies paid to, or on behalf of Plaintiff from any and all collateral sources.

9.      Plaintiff, in whole or in part, failed to mitigate her alleged damages and, therefore, is precluded from recovery.

10.     Plaintiff's alleged damages are the result of a condition and/or injury which predates the incident made the basis of his Complaint and having no causal relationship with this Defendant.

11.     The Plaintiff's Complaint fails to state a claim for Punitive Damages as it sounds only in

negligence and those allegations are, therefore, due to be dismissed as a matter of Mississippi law.

12.   The imposition of punitive damages in this case would violate the Due Process Clause of Amendments V and XIV to the United States Constitution and Article I, § 6 of the Mississippi Constitution because such an award under these facts would violate the defendants' right to procedural and substantive due process.

13.   The imposition of punitive damages in this case would violate the Due Process Clause of Amendments V and XIV to the United States Constitution and Article I, § 6 of the Mississippi Constitution because the alleged culpability of the defendant's conduct is not so reprehensible as to warrant further additional sanctions after payment of compensatory damages.

14.   Plaintiffs' claim for punitive damages as applied in this case violates the Fifth, Eighth, and Fourteenth Amendments of the United States Constitution to the extent it exceeds the standards and limitations set forth in *State Farm Mut. Auto. Ins. Co. v. Campbell*, 123 S.Ct. 1513 (2003).

15.   Plaintiffs' claim for punitive damages violates the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments, jointly and separately, of the Constitution of the United States in each of the following separate and several ways:

    a.  It seeks an award of punitive damages that is vastly disproportionate to any actual harm, and thus exceeds the standards of substantive and procedural due process under the Eighth and Fourteenth Amendments of the U.S. Constitution.

    b.  It seeks a disproportionate award of punitive damages that constitutes an arbitrary and capricious taking of property which is unjustified by any legitimate governmental interest, thereby violating the Fifth and Fourteenth Amendments of the U.S. Constitution.

    c.  It seeks an award of punitive damages without sufficient substantive and procedural standards to guide the jury's discretion in determining both the liability and amount of punitive

damages to be awarded, thus violating the Due Process Clause of the Fifth and Fourteenth Amendments of the U.S. Constitution.

d.  It seeks punitive damages under substantive standards of liability that are vague, ambiguous, subjective, and not reasonably ascertainable, and are thus "void for vagueness" under the Fourteenth Amendment of the U.S. Constitution.

e.  It seeks punitive damages for conduct by the defendant which complied with all applicable statutory, regulatory, and/or administrative rules and regulations, thus failing to furnish fair notice of punishable conduct and violating the Due Process and Equal Protection Clause of the Fifth and Fourteenth Amendments of the U.S. Constitution.

f.  It seeks punitive damages upon a standard of proof less than that required for the imposition of criminal sanctions, thus violating procedural due process under the Fifth Amendment of the U. S. Constitution.

g.  It seeks joint and several punitive damages liability from defendants who are guilty of different acts and degrees of culpability, thus violating the Due Process Clause of the Fifth and Fourteenth Amendments of the U. S. Constitution.

h.  It would result in multiple awards of punitive damages for the same alleged acts or omissions in violation of the Fifth, Seventh, Eighth and Fourteenth Amendments of the U.S. Constitution.

i.  It seeks punitive damages based, in whole or part, upon evidence of out-of-state conduct that is immaterial and/or lawful in the jurisdiction where it occurred, thus violating the Due Process Clause of the Fifth and Fourteenth Amendments of the U.S. Constitution.

j.  It seeks punitive damages based, in whole or part, upon improper character evidence consisting of other alleged misconduct that is dissimilar and/or immaterial to the conduct that harmed the plaintiff, thus violating the Due Process Clause of the Fifth and Fourteenth Amendments of the U.S. Constitution.

k.  It seeks punitive damages based, in whole or part, upon the financial status of the defendant, thus violating the Due Process Clause of the Fifth and Fourteenth Amendments of the U.S. Constitution, and the Equal Protection Clause of the Fourteenth Amendment.

l.  It seeks punitive damages based, in whole or part, upon hypothetical evidence of other similar claims, thus violating the Due Process Clause of the Fifth and Fourteenth Amendments of the U.S. Constitution.

m. The applicable state law does not provide fair notice of the conduct that will subject the defendant to punishment, nor a reasonable limitation on the degree of punishment, nor fair notice of the severity of punishment for the alleged misconduct, thus violating the Due Process Clause of the Fifth and Fourteenth Amendments of the U.S. Constitution.

n. The plaintiff's claim improperly seeks to justify an award of punitive damages based on a profit-removal theory that is based on the removal of each dollar of profit made by the defendant from other alleged similar acts of misconduct, thus violating the Due Process and Equal Protection Clause of the Fourteenth Amendment of the U.S. Constitution.

o. The applicable state law fails to provide a clear, objective and consistent appellate standard for post-verdict review of punitive damages thus violating the Fifth and Fourteenth Amendments of the United States Constitution.

16. Defendant reserves the right to add and/or supplement these affirmative defenses as discovery in this matter has not yet begun.

DEFENDANT DEMANDS TRIAL BY STRUCK JURY.

Dated September 7, 2022

/s/ W. Pemble DeLashmet
W. PEMBLE DELASHMET (MS 8840)
wpd@delmar-law.com
CHAD C. MARCHAND      (MS 102752)
ccm@delmar-law.com
MIGNON M. DELASHMET  (MS 2896)
mmd@delmar-law.com
Attorneys for Defendant Wal-Mart Stores East, LP

OF COUNSEL:

DELASHMET & MARCHAND, P.C.
Post Office Box 2047
Mobile, AL  36652
Telephone:    (251) 433-1577
Facsimile:    (251) 433-7994

CERTIFICATE OF SERVICE

I hereby certify that I have on this day September 7, 2022 served a copy of the foregoing pleading upon counsel as listed below by depositing the same in the U. S. Mail, postage prepaid and properly addressed.

James K. Wetzel
James K. Wetzel & Associates
P. O. Box I
Gulfport, MS  39502

/s/ W. Pemble DeLashmet
OF COUNSEL